IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

# IN RE: ESTATE OF THERESA JOAN CUNNINGHAM, DECEASED

**Appeal from the Probate Court for Franklin County**
**Floyd Don Davis, Judge**

**No. M2001-01965-COA-R3-CV - Filed August 7, 2002**

The plaintiff filed a claim against the estate of the deceased more than eighteen months after the first publication of notice to creditors and twenty months after her death. The trial court granted him a judgment against the estate for the full amount of his claim. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Guy R. Dotson, Sr. and Gregory M. Reed, Murfreesboro, Tennessee, for the appellant, David Pitts.

## OPINION

### I. THE ESTATE OF JEAN HELEN WEST

Theresa Jean Cunningham died in Franklin County, Tennessee, on March 26, 1999. Although this case involves the disposition of her estate, the claim involved arose from her role in another estate, the disposition of which is discussed in our opinion in the case of *David Pitts v. Floyd R. Blackwell, Sr.*, No. M2000-01733-COA-R3-CV (Tenn. Ct. App. Dec. 28, 2001).

During the last eight months of her life, Ms. Cunningham acted as co-conservator for Ms. Jean Helen West, an Alzheimer's patient. Her co-conservator was Floyd R. Blackwell, the owner and operator of the Johnson-Blackwell Funeral Home. After Ms. West's death, Mr. Blackwell's funeral home arranged her funeral. The cost, $26,367.75, was paid from the estate of Ms. West, and from the proceeds of a burial policy she had owned. Ms. Cunningham and Mr. Blackwell were both compensated $1,200 for their services as co-conservators.

Ms. Cunningham's death occurred shortly after the first accounting of Ms. West's estate was filed. David Pitts objected to the amended and final accounting as an interested party. He contended that Mr. Blackwell had breached his fiduciary duty to Ms. West by transferring her burial insurance policy from another funeral home to his own, and by providing funeral and burial services to her while acting as co-conservator. He also questioned whether the funeral and burial expenses were reasonable and proper. *See* Tenn. Code Ann. § 34-11-113(e).

Although the probate court ordered Mr. Blackwell to return the proceeds of the burial policy ($7,731.93) to Ms. West's estate, it approved the accounting in all other respects. This court reversed the trial court, finding that Mr. Blackwell was not entitled to earn a profit from the estate of Ms. West,[1] and that he had breached his fiduciary duty. We remanded the case "for a determination of the reasonable and necessary funeral expenses commensurate with an estate the size of Ms. West's."

## II. THE ESTATE OF THERESA JEAN CUNNINGHAM

Ms. Cunningham's will named her brother David Pitts as executor of her estate. The will was submitted to probate, and on April 1, 1999, the court appointed Mr. Pitts executor. On April 12, 1999, the first notice to creditors was published. No claims were filed against the estate within four months of that date, and no claims were filed within one year of Ms. Cunningham's death. *See* Tenn. Code Ann. § 30-2-307.

On November 27, 2000, Floyd R. Blackwell, d/b/a Johnson/Blackwell Funeral Home, filed a claim against the estate of Theresa Joan Cunningham, for payment of $7,731.93 for funeral services provided to the estate of Ms. West. The claim form was not accompanied by any documentation, such as a contract, bill or judgment, and did not state why Ms. Cunningham's estate might owe this sum to Ms. West's estate. Mr. Pitts filed a timely exception to the claim.

A hearing on the claim was set for January 30, 2001. Mr. Blackwell appeared on that date without his attorney. He alleged that Ms. Cunningham had signed the funeral bill for Ms. West, that she had agreed to be responsible for the bill, and that she had received the $7,000 as the beneficiary of the burial policy. The attorney for Ms. Cunningham's estate stated that the $7,000 had been returned to Ms. West's estate. The probate judge observed that Ms. Cunningham was the primary beneficiary of Ms. West's estate, but noted that such a circumstance didn't make the Cunningham estate liable for the West debts. The judge also observed that the Court of Appeals had not yet issued its opinion in the case involving Ms. West's estate, and agreed with the parties that our resolution of that case might render Mr. Blackwell's claim moot.

The court granted a continuance to Mr. Blackwell, in order for him to be represented by counsel at the hearing. The court's Order also directed both parties to brief the questions of whether

---

[1] The proof showed that Ms. West's funeral was the most expensive one ever performed by Mr. Blackwell, and indicated that he earned a profit of about $12,000 on the purchase and sale of the vault and casket alone.

the claim filed by Mr. Blackwell was a proper claim against Ms. Cunningham's estate, and if so, whether the claim was timely filed. Apparently, no other hearing was conducted, but the parties submitted their briefs, and the probate court issued its ruling on June 18, 2001. The court's order contained no findings of fact, but stated that Mr. Blackwell's petition was well-taken, and awarded him a judgment in the amount of $7,731.93 against the estate of Ms. Cunningham. This appeal followed.

### III. PROOF ON APPEAL

The only appellate brief filed in this case was that of Mr. Pitts. Our decision must therefore be based solely on the record and on the appellant's brief. *See* Tenn. R. App. P. 29(c). The record does not include the briefs that the parties submitted to the probate court, nor does it contain any evidence of Mr. Blackwell's claim other than his late-filed claim form.

Tenn. Code Ann. § 30-2-307(b) requires claimants against decedents' estates to file verified proof of their claims at the time of filing such claims. As we stated above, Mr. Blackwell included no such proof when his claim was filed, and he did not offer any documentation at the one hearing of this case. There is thus absolutely no evidence in the record before us that Ms. Cunningham's estate is indebted in any amount to the Johnson/Blackwell funeral home.

We are aware that the amount of Mr. Blackwell's purported claim is identical to the amount of burial insurance that the probate court ordered be restored to the estate of Helen West, but the link between that insurance and Ms. Cunningham's estate is just not evident from the record. If Mr. Blackwell somehow managed to point to relevant evidence in his trial brief, we do not have the benefit of that evidence.

Further, even if Mr. Blackwell had established the validity of his claim, it is not at all clear how he could have overcome the statutory time limits placed upon claimants or creditors against decedents' estates. Tenn. Code Ann. § 30-2-307(a) requires that claims be filed within four months from the date of notice to creditors. Further, Tenn. Code Ann. § 30-2-310(a) reads,

> All claims and demands not filed with the probate court clerk, as required by the provisions of §§ 30-2-306 -- 30-2-309, or, if later, in which suit shall not have been brought or revived before the end of twelve (12) months from the date of death of the decedent, shall be forever barred.

An important reason for such strict time limits is to promote the timely settlement of decedents' estates. Mr. Blackwell did not even file his claim until twenty months after Ms. Cunningham's death, yet the trial court decided that he was entitled to judgment. Although we cannot explain the trial court's puzzling decision, it is our duty to reverse it.

## IV.

The order of the trial court is reversed.  Remand this cause to the Probate Court of Franklin County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellee, Floyd R. Blackwell.


_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.